UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STUART ALEXANDER, an individual,

    Plaintiff,

v.    Case No: 2:13-cv-885-FtM-29CM

JAMES F. ALLEN, an individual and HERTEL PARK ASSOCIATES I, LLC, a New York limited liability company,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Stuart Alexander's Motion for Preliminary Injunction (Doc. #2) filed on December 23, 2013. Defendants filed a Responsive Brief (Doc. #27) on March 17, 2014, and the Court heard oral argument on April 14, 2014.

This case involves a partnership dispute between two general partners of the Hertel Park Associates Limited Partnership (the Limited Partnership), whose purpose was to construct, own, and operate a 138-unit apartment complex and its first floor commercial space located in Buffalo, New York (the Hertel Park Property). Just prior to the filing of this lawsuit, the Hertel Park Property was sold, with proceeds amounting to $1,926,683.39. At oral

argument all parties stated they are content with the sale; there are no claims relating to the sale itself; and the distribution formula for the proceeds of the sale is not disputed.  Plaintiff, however, seeks a preliminary injunction precluding defendants from distributing the proceeds in accordance with a limited partnership agreement so that the proceeds can constitute a *res* from which any judgment plaintiff receives in this litigation can be collected. The Court finds that such a preliminary injunction is not appropriate.

**I.**

A district court may grant a preliminary injunction only if the moving party shows that: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion'" for each prong of the analysis. Id. (alteration in original) (quoting McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)).  Issuance of a preliminary injunction is committed to the

sound discretion of the court.  <u>Valle v. Singer</u>, 655 F.3d 1223, 1225 (11th Cir. 2011).

## II.

The crux of plaintiff's claims is that defendants violated §13.01 of the Amended and Restated Agreement of Limited Partnership (the Limited Partnership Agreement), which precluded the Limited Partner from assigning or transferring its interest without the written consent of all general partners.  Plaintiff alleges that on March 31, 2010, defendant Allen facilitated the transfer of the Limited Partnership interest to Hertel Park Associates I, LLC (HPAI); that Allen was the sole owner and member of HPAI; and that plaintiff did not know or approve of this transfer, and it was concealed from him until 2013.  Count I alleges breach of fiduciary duty by Allen for facilitating the transfer of the Limited Partnership interest to HPAI.  Count II alleges aiding and abetting breach of fiduciary duty against HPAI for knowingly participating in Allen's breach.  Count III alleges breach of the Limited Partnership Agreement by Allen for facilitating the transfer of the Limited Partnership interest to HPAI.  Count IV seeks to impose a constructive trust on the proceeds in the possession of Allen and an equitable accounting of the proceeds of the sale of the Hertel Park Property.

### A. Substantial Likelihood of Success

The Court concludes that plaintiff has not shown he has a substantial likelihood of success on the merits. The record reflects that in preparation for the sale of the Hertel Park Property in 2013, plaintiff was clearly made aware of and approved the transfer of the Limited Partnership interest to Allen's LLC. A July 10, 2013, letter from CPA Richard Wayne to plaintiff regarding the distributions from the anticipated sale clearly identifies HPAI as the Limited Partner and recipient of a portion of the distribution proceeds. (Doc. #27-1.) A July 12, 2013, email from plaintiff to Allen stated that he had reviewed Mr. Wayne's document and confirmed the distribution figures were correct. (Id.) The record also contains a July 17, 2013, Approval and Acknowledgment signed by plaintiff stating that he had reviewed the distribution and allocation estimates; and he had reviewed and was satisfied with the Wayne calculations "which show the anticipated allocations and distributions to myself and to James F. Allen . . . and to Hertel Park Associates I, LLC (owned by James F. Allen) as the Limited Partner . . . ." (Id.) The Approval and Acknowledgment continued that plaintiff had reviewed the allocations "to James F. Allen as the sole owner of Hertel Park Associates I, LLC, the single Limited partner" and "approve[ed] such estimates of allocations and distributions."

(Id.)  The Approval and Acknowledgment further stated that plaintiff "make[s] no claim to any right to share in the Limited Partner interests in Hertel Park Associates LP and I acknowledge that Hertel Park Associates I, LLC is the Limited Partner and that James F. Allen is the sole owner of Hertel Park Associates I, LLC, the Limited Partner."  (Id.)  Finally, the Approval and Acknowledgement was signed by plaintiff "with the knowledge that Hertel Park Associates I, LLC, the Limited Partner, and James F. Allen will rely on the representations" made in the document. (Id.)  The Sales Contract is dated July 19, 2013, and the closing occurred on December 19, 2013.

**B. Irreparable Injury**

Plaintiff has also failed to establish that irreparable injury will be suffered unless the injunction issues.  Plaintiff has an adequate remedy at law in the form of a money judgment, and has brought three counts seeking such a judgment.

**C. Balance Of Harm Against Benefit**

Plaintiff has failed to establish that any threatened injury to him outweighs damage the proposed injunction may cause defendants by delaying the distributions.  The parties to the sale are entitled to their distribution, including plaintiff.  No reason has been shown to hold the proceeds of the sale hostage while this litigation continues.

**D.  Public Interest**

There is no showing that issuance of an injunction would or would not be adverse to the public interest.

Accordingly, it is hereby

**ORDERED:**

Plaintiff Stuart Alexander's Motion for Preliminary Injunction (Doc. #2) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of May, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record