## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

STUART ALEXANDER, an
individual,

       Plaintiff,

v.                            Case No:  2:13-cv-885-FtM-29CM

JAMES F. ALLEN and HERTEL
PARK ASSOCIATES I, LLC,

       Defendants.

_____

## ORDER

Before the Court is Plaintiff Stuart Alexander's Motion to Compel Better Responses to Document Requests and Financial Net Worth Discovery from Defendant James F. Allen ("Allen") (Doc. 39, "Motion to Compel") and Allen's Response in Opposition (Doc. 43).   For the reasons stated herein, the Motion to Compel is granted in part and denied in part.

### I.    Background

This case involves a partnership dispute between two general partners (Alexander and Allen) of the Hertel Park Associates Limited Partnership, whose purpose was to construct, own, and operate an apartment complex and its first floor commercial space located in Buffalo, New York.   Doc. 38.   Just prior to the filing of this lawsuit, the property was sold.   Defendant Allen, an attorney, acted as legal counsel to the partnership.   *Id.*

Plaintiff claims that Defendants breached the Limited Partnership Agreement, which precluded the limited partner from assigning or transferring its interest without the written consent of all general partners.   *Id.* at ¶ 17.   Plaintiff alleges that on March 31, 2010, Defendant Allen improperly facilitated the transfer of the limited partnership interest held by KLIHTC Corp. to Defendant Hertel Park Associates I, LLC; that Allen was the sole owner and member of HPAI; and that Plaintiff did not know or approve of this transfer, which was concealed from him until 2013 when the property was sold.   *Id.*   Plaintiff also alleges breach of fiduciary duty, unjust enrichment and requests an accounting.   Plaintiff alleges that his claims, if successful, would entitle him to punitive damages.

On April 15, 2014, Plaintiff served his First Request for Production ("RFP") on Allen.   Doc. 39, Ex. A.   Allen responded on May 15, 2014.   Doc. 39, Ex. B.   On May 27, 2014, Plaintiff served his Second RFP on Allen.   Doc. 39, Ex. C.   Allen responded on July 1, 2014.   Doc. 39, Ex. D.

## II.   Analysis

At issue in this Motion to Compel is Request No. 13 of Plaintiff's First RFP and Request Nos. 1, 2, 3 and 8 of Plaintiff's Second RFP, all of which seek discovery relating to Allen's financial net worth.   Plaintiff argues that this information is discoverable because he has pled claims that would entitle him to punitive damages.

First, Allen makes a general objection to all of the requests because he has filed a Motion to Dismiss Amended Complaint and Motion to Strike ("Motion to Dismiss/Strike") the claims that would entitle Plaintiff to punitive damages and has

also moved to stay discovery until the Court rules on the Motion to Dismiss/Strike. Docs. 40, 41.   Allen argues that the Court should deny the request to compel the discovery at this time because it might be unnecessary following the Court's ruling. The Court will not issue a blanket denial of the Motion to Compel on these grounds. Regardless of the Motion to Dismiss/Strike, discovery in this case should proceed.[1]

The Court will now address each of Plaintiff's requests:

a.   **Request No. 13, First RFP**:   All tax records for You[2] during the period 2010 to the present.[3]

**Response**:   ALLEN objects to this request as neither relevant nor likely to lead to the discovery of material evidence, overly broad and unduly burdensome.

Financial net worth of a party is relevant to a properly pled claim for punitive damages.   *See Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807-FtM-29SPC, 2010 WL 4537903, at *2 (M.D. Fla. Nov. 3, 2010).   In discussing relevancy in this regard, the Eleventh Circuit has stated:

---

[1] Allen's Motion to Stay Discovery (Doc. 41) will be addressed by separate order.

[2] As stated in the Definitions section of the First and Second RFPs, "You" shall mean Allen.   Doc. 39, Exs. A & C at ¶ L.   The term "Allen" shall mean:

JAMES F. ALLEN, a Defendant in this action, and shall include his assignors, predecessors, successors, affiliates, subsidiaries, parent corporations, divisions, units, including present and former officers, directors, agents, employees, or representatives of any of the foregoing, including all persons acting or purporting to act on behalf of any of the foregoing, experts, persons consulted concerning any factual matter or matters of opinion relating to any of the facts or issues involved in this action, and, unless privileged, the parties' attorneys.   *Id.* at ¶ K.

[3] With regard to the relevant time period covered by the requests, the Instructions to the First and Second RFPs state: "If not otherwise indicated or obvious from the request, the relevant time period for these requests is January 1, 2009, to the present."   Doc. 39 Exs. A & C at ¶ 7.

> The Supreme Court of Florida [] has determined that the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award: an award must be reviewed to ensure that it bears some relationship to the defendant's ability to pay and does not result in economic castigation or bankruptcy of the defendant. [ ] While it is not an accurate rule of law that the greater a defendant's wealth, the greater must be punitive damages, [ ] a jury may properly punish each wrongdoer by exacting from his pocketbook a sum of money which, according to his financial ability, will hurt, but not bankrupt.

*Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1216 (11th Cir. 2010) (internal citations and quotation marks omitted).   "Because of its increased potential for abuse, however, courts typically require a plaintiff to establish a reasonable basis supporting punitive damages before allowing financial worth discovery, although the required showing is not overly strenuous."   *Soliday*, 2010 WL 4537903, at *2 (citing *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001)).   In this case, Plaintiff's Amended Complaint properly pleads a basis for punitive damages.[4]   Doc. 38 at ¶ 29, 34, 40, 44 and 50.

Although financial worth discovery is relevant, the scope of such discovery is within the discretion of the court.   *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997).   A court may limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit . . . ."   Fed. R. Civ. P. 26(b)(2)(c)(iii).

Allen argues that this request is overbroad because it requests tax information for a wide range of people that are not parties to this matter based on Plaintiff's

---

[4] The Court is making no determination at this time as to whether punitive damages are proper and may be awarded.

definition of "You."   The Court agrees.   Plaintiff has not made a showing that the tax records of anyone other than Allen are relevant.   Allen further argues that the term "all tax records" is overbroad because it may include many records that are not relevant.   The Court agrees.   The term "all tax records" is vague.   The Court will limit the production to Allen's tax returns.    Finally, Allen argues that the time period (2010 to the present) is overly broad because only current financial information is relevant to a claim for punitive damages, but Allen does not define for the Court what time period "current" would encompass.   *See Lane v. Capital Acquisitions*, 242 F.R.D. 667, 668 (S.D. Fla. 2005) (finding a plaintiff's discovery requests "overbroad on their face in that some seek financial records for a five year period and some seek records for an unlimited time period" and requiring production of financial records for only the most recent 2.5 years).   This point is uncontested by Plaintiff.   There is generally no binding authority limiting discovery of financial net worth information to a certain period; rather, the time period must be reasonable given the factual circumstances of the case.   *See Soliday*, 2010 WL 4537903, at *3 (finding a three-year period to be reasonable and "well within the sound discretion of the court").

In this case, Plaintiff offers no argument or explanation as to why he is seeking Allen's tax records from 2010 through the present.   The Court finds that a four-year time period is overbroad and finds it appropriate to narrow the scope to the past two years.   Thus, Plaintiff is entitled to discovery of Allen's 2012 and 2013 tax returns.

      b.    **Request No. 1, Second RFP**:  All documents referring or relating to statements of Your net worth, including but not limited to financial records, tax returns, profit and loss statements, or any other financial documentation.

**Response**:   ALLEN objects to this request as ambiguous, overly broad and unduly burdensome.

Allen argues that the request is overly broad because the term "any other financial documentation" is undefined and vague.   Allen further argues that this request is unlimited as to time and therefore overly broad.   The Court agrees that this request is vague as "financial records" is also undefined.   Thus, the Motion to Compel this request will be denied except to the extent that Allen's 2012 and 2013 tax returns must be produced as set forth in Request No. 13 above.

c.   **Request No. 2, Second RFP**:   Copies of all bank statements, savings account passbooks, cancelled checks and statements of account on all accounts, whether at banks, homesteads, savings and loans, thrifts, credit unions, brokerage houses or otherwise, standing in your name or that of Your present spouse or on which You or Your present spouse have or had a signature, whether the said accounts are open or closed at the present time.

**Response**:   ALLEN objects to this request as overly broad, unduly burdensome and neither relevant nor likely to lead to the discovery of material evidence.

Allen again argues that the relevant time period for this request (January 1, 2009 to the present) is overbroad as only current financial information is relevant to a request for punitive damages.   Allen also argues that the request is irrelevant to the extent it requests financial documents of Allen's spouse who is not party to this action.   The Court agrees.   Financial information of Allen's spouse is irrelevant. The Court will also limit the time period to 2012 through the present, which reflects current financial information.   The request also applies only to Defendant Allen, not all of the individuals identified in Plaintiff's definition of "You."   *See supra* note 1.

To the extent any of the documents contain information for both Allen and his spouse, the spouse's information should be redacted from the document.

      d.    **<u>Request No. 3, Second RFP</u>**:  Copies of all loan applications and supporting documentation, including financial statements, submitted by You or Your present spouse to any lender or prospective lender at any time since January 2009.

          **<u>Response</u>**:  ALLEN objects to this request as overly broad, unduly burdensome and neither relevant nor likely to lead to the discovery of material evidence.

Allen again argues that the relevant time period is overbroad and improperly requests financial documents of Allen's spouse.   The Court agrees.   The Court will limit the time period to 2012 through the present, which reflects current financial information.   The request applies only to Defendant Allen, not all of the individuals identified in Plaintiff's definition of "You."   *See supra* note 1.   To the extent any of the documents contain information for both Allen and his spouse, the spouse's information should be redacted from the document.

      e.    **<u>Request No. 8, Second RFP</u>**:  All financial documents submitted to any limited partner or lender in connection with partnership agreements or properties governed by partnerships.

          **<u>Response</u>**:  ALLEN objects to this request as neither relevant nor likely to lead to the discovery of material evidence, overly broad and unduly burdensome.

Allen again argues that the relevant time period is overbroad and that the request is irrelevant because this matter is based on allegations regarding the transfer of the limited partnership interest in Hertel Park Associates Limited Partnership.   Thus, financial documents submitted by anyone to any limited partner

or lender is irrelevant to the transaction at issue regarding Hertel Park Associates Limited Partnership.   The Court agrees.   Plaintiff has provided no argument to the Court as to why these requested documents are relevant and the request is extremely overbroad and vague.

Finally, because financial documents often contain sensitive and confidential information, the parties are directed to meet and confer and come to an agreement regarding information that will be deemed confidential and whether a confidentiality order needs to be entered in this matter.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff Stuart Alexander's Motion to Compel Better Responses to Document Requests and Financial Net Worth Discovery from Defendant James F. Allen (Doc. 39) is **GRANTED in part and DENIED in part**.

2.     Plaintiff's Motion to Compel as to Request No. 13, First RFP; and Request Nos. 2 and 3, Second RFP is **GRANTED in part** as set forth above.

3.     Plaintiff's Motion to Compel as to Request Nos. 1 and 8, Second RFP is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record