UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STUART ALEXANDER, an
individual,

      Plaintiff,

v.                                              Case No:  2:13-cv-885-FtM-29CM

JAMES F. ALLEN and HERTEL
PARK ASSOCIATES I, LLC,

      Defendants.

_____

## ORDER

      Before the Court is Defendants' Motion to Stay Discovery and/or Motion for Protective Order (Doc. 41, "Motion to Stay/Protective Order") and Plaintiff Stuart Alexander's Response in Opposition (Doc. 46).  Defendants James F. Allen ("Allen") and Hertel Park Associates I, LLC, jointly request to stay discovery of this matter, citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1983), pending a ruling by the Court on their Motion to Dismiss Amended Complaint and Motion to Strike (Doc. 40), which asserts failure to state a claim upon which relief may be granted pursuant to Federal Rule 12(b)(6).  In the event the Court does not stay discovery, Allen requests that a protective order be entered by the Court to limit discovery related to Allen's financial net worth pending resolution of Defendants' Motion to Strike Plaintiff's punitive damages claims.  For the reasons stated herein, the Motion to Stay/Protective Order is denied.

## I. Motion to Stay

While motions to stay discovery may be granted pursuant to Federal Rule 26(c), the moving party bears the burden of showing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). In *Chudasama*, the Eleventh Circuit noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367 (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). However, *Chudasama* does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.* (citing *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe,* 233 F.R.D. at 685. To this end, the court must take a

"preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted).

Defendants argue that good cause exists to grant the stay because they have made a likely meritorious facial challenge to Plaintiff's Amended Complaint and if discovery goes forward, unnecessary costs will be incurred. Defendant Allen further argues that he will be prejudiced if discovery is allowed because Plaintiff is improperly seeking discovery related to Allen's financial net worth and the claims for punitive damages should be striken. Plaintiff responds that Defendants have not moved to dismiss all of the counts in the amended complaint, and a stay will result in significant prejudice because it would likely not allow the parties time to conduct the necessary discovery before the October 10, 2014 discovery deadline. The Court agrees with Plaintiff.

The Court has reviewed the Motion to Dismiss and Strike (Doc. 40) and Response (Doc. 44) and finds that it is not so clearly meritorious and truly case dispositive such that the need for discovery in this case will be entirely eliminated. Given this, the Court finds that delaying discovery until the Court rules on the Motion to Dismiss and Strike will cause Plaintiff harm and his case will go forward.

## II. Protective Order

Alternatively, Allen requests that the Court enter a protective order to limit discovery related to his financial net worth, pending resolution of Defendants' Motion to Strike Plaintiff's punitive damages claims. The Court has already ruled that

limited discovery of Allen's financial net worth is proper and will proceed. Doc. 48. As the Court noted in that Order, because financial documents often contain sensitive and confidential information, the parties are directed to meet and confer and come to an agreement regarding information that will be deemed confidential and whether a confidentiality order needs to be entered in this matter.

### III. Attorney's Fees and Costs

Plaintiff moves pursuant to Federal Rule 37(a)(5)(B) for an award of attorney's fees and costs incurred in responding to Allen's request for a protective order. No further argument is included and an amount of attorney's fees and costs incurred is not stated. Pursuant to Federal Rule 37, if a motion for an order compelling disclosure or discovery is denied, the prevailing party may be awarded "reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B).

In the instant Motion, Defendants have not moved for an order compelling disclosure or discovery and Rule 37 does not state it is applicable to requests to stay or for protective orders. Therefore, the request for attorney's fees and costs is denied.

ACCORDINGLY, it is hereby

### ORDERED:

Defendants' Motion to Stay Discovery and/or Motion for Protective Order (Doc. 41) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record