UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STUART ALEXANDER, an
individual,

    Plaintiff,

v.                                   Case No: 2:13-cv-885-FtM-29CM

JAMES F. ALLEN and HERTEL
PARK ASSOCIATES I, LLC,

    Defendants.

## ORDER

Before the Court is the Parties' Stipulation and Joint Motion Regarding Protection of Confidentiality of Information (Doc. 50), filed on August 13, 2014. The parties have stipulated to the terms of a Confidentiality Agreement and request that the Court enter same. The parties contend that entry of a confidentiality order is necessary to protect documents and information designated as confidential by the parties. Specifically, the parties represent that certain information in this case may include confidential and proprietary information. Thus, the parties contend that entry of the stipulated order will facilitate ongoing discovery efforts without violating the privacy interests of the parties.

The Court has "broad discretion in setting limits on discovery, and Rule 26(c) provides a mechanism by which parties can seek an order to protect privileged or confidential information." *Shire Development LLC v. Mylan Pharm. Inc.*, No. 8:12-cv-1190-T-30AEP, 2013 WL 6858319, at * 3 (M.D. Fla. Dec. 30, 2013) (citing

*Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). Generally, when determining whether there is good cause to enter a protective order, the Court "balance[s] the requesting party's interest in obtaining the information or material sought and the other party's interest in keeping the information confidential." *Id.*

Stipulated protective orders, however, have become "commonplace in the federal courts." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001). Entering a stipulated protective order "replaces the need to litigate the claim to protection document by document, and postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Id.* "Parties have the freedom and flexibility to agree on the terms of stipulated protective orders designed to protect 'confidential' and 'highly confidential' material." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, at *6 (S.D. Fla. Sept. 4, 2013). Thus, "[u]nless the agreement contains provisions that are illegal, unlawful, against public policy, contrary to applicable rules, confusing or otherwise problematic, courts typically enter the proposed stipulated protective orders jointly submitted by the parties." *Id.*

The Court has reviewed the Confidentiality Agreement, which is signed by both parties, and determines that the Motion for its entry is due to be granted. The Confidentiality Agreement will be entered under separate cover.

ACCORDINGLY, it is hereby

**ORDERED:**

The Stipulation and Joint Motion Regarding Protection of Confidentiality of Information (Doc. 50) is **GRANTED**. The Order Regarding Protection of Confidentiality of Information will be entered under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record